94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. HORTON, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 95-6358.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William G. Horton, a former Kentucky state prisoner, appeals pro se the district court order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Horton was convicted following a 1990 jury trial of second degree arson and was sentenced to ten years of imprisonment. He filed a post-conviction motion pursuant to Ky.R.Cr. 11.42 in the trial court, which was denied on the ground that the direct appeal was still pending. On direct appeal, his conviction was affirmed. Horton then filed for federal habeas corpus relief, raising a number of claims. The district court dismissed the petition without prejudice for failure to exhaust state court remedies. Horton returned to the state courts and filed a second 11.42 motion. The trial court denied the motion without opinion. The Court of Appeals affirmed the denial, addressing the merits of the claims raised. Appeal to the Kentucky Supreme Court was dismissed.
 
 
 3
 Horton then moved to reinstate his federal habeas corpus petition. The district court granted this motion, and then denied the petition. The district court concluded that Horton's claims were procedurally barred because he had not raised these claims on direct appeal, had prematurely filed his first 11.42 motion, and had not established cause to excuse these defaults. On appeal, Horton argues that his claims are not procedurally barred because his second 11.42 motion was considered on the merits by the state courts. Counsel for the respondent has informed the court that she will not be filing a brief.
 
 
 4
 Upon review, we conclude that the district court erred in applying the doctrine of procedural default in this case. In determining whether a procedural default has occurred, the court must first find that the state courts enforced a procedural sanction against the petitioner. See Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986). In this case, the last state court to give a reasoned opinion on Horton's claims did not rely on a procedural bar, but addressed the claims on the merits.
 
 
 5
 Accordingly, we find that this case must be remanded to the district court so that the respondent can brief the merits of the claims and submit the necessary state court records to allow a determination of the claims on the merits. The district court's order denying this petition on the basis of procedural default is therefore vacated and this matter is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.